CASE 48—PETITION ORDINARY—SEPTEMBER 20.

# Hazelrigg vs. Brenton's adm'r, &c.

### APPEAL FROM FLEMING CIRCUIT COURT.

See the opinion for the facts held sufficient to render an attorney personally liable to the assignee of his client for the amount of a debt in his hands for collection.

HAZELRIGG & WINN, for appellant, cited 2 *Am. Lead. Cases*, pp. 35 to 117; 7 *B. Mon.*, 5; 14 *B. Mon.*, 184; 7 *Peters*, 113; 4 *Met.*, 148.

W. H. CORD, for appellee, cited 2 *Story's Rep.*, 214; 1 *Story's Eq.*, sec. 384; 2 *Met.*, 530; 4 *Peters*, 111, 207.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Robertson and Morgan being indebted to the appellee, Brenton, by note, $890, and being embarrassed and unable to make prompt payment, proposed to give him in payment an order on the appellant, who, as their attorney, was charged with the collection of a rather larger debt due to them by Johnson.

Preliminary to the acceptance of that proposition, the appellee wrote to the appellant a letter of inquiry, to which he received the following answer: "Yours of February 1st, ——, came to hand this day. As regards the debt of Robertson and Morgan on Jeff. H. Johnson, the property indicated in your letter was sold on the 15th day of August, 1854, on twelve months' time, and Johnson became the purchaser at the price of $1,065 18. This amount bears interest from the 15th of August last, or from the day of sale. I saw Johnson at our January court. He informed me he would be ready to pay at maturity. Mr. Robertson advised you correctly as to my *indorsement*, and this you may consider *as an indorsement for the* $890. I have no hesitancy in saying that the money will be paid." After the receipt of that letter, the appellee took an order on the appellant, payable out of the Johnson debt, and surrendered his note on Robertson and Morgan. Johnson was long indulged by the appellant; and the appellee failing to get anything after a considerable lapse of time, brought this suit and obtained a judgment for his debt—Robertson in the meantime having collected for himself $220 from Johnson, and the appellant insists that he is not personally responsible.

Carefully considering all the facts of the case, we interpret the appellant's letter to Brenton as an assurance that Johnson's sale bond would be paid when due, and that, whether so paid or not, the appellant would then, or within reasonable time thereafter, pay the amount of the order, which, by anticipation, his letter thus accepted.

It was evidently under that understanding that Brenton surrendered the note of Robertson and Morgan and took their order on the appellant as an assured substitute. And this was surely a valuable and commensurable consideration to bind the appellant to make prompt payment or see that it was made.

The circuit court, therefore, properly adjudged the appellant responsible for the amount he thus assumed to pay as indorser. And although, as between Brenton and Robertson and Morgan, the debtors might have been entitled to a credit

of about $30 for usury, yet the appellant's assumpsit to pay the whole amount without any abatement, and the *consequent* surrender of the note, operated as full payment, and the appellant neither pleads, nor could availably plead, usury. The question of reclamation for usury is now, therefore, between Robertson and Morgan on the one side, and Brenton's administrator on the other; and that question is still before the court below. We, consequently, see no error in the amount adjudged against the appellant, who is entitled, as against Johnson and against Robertson and Morgan, to the whole amount of the judgment against him in this case.

Robertson and Morgan had no right to draw from Johnson as much as $220; and, for the excess, they may be liable to the appellant so far as they thus reduced Johnson's liability below that of appellant. But this and the usury are ulterior questions, unadjudged and still open for final adjustment in the circuit court after the return of the cause to that court.

Wherefore, the judgment, as rendered, is affirmed, and the cause remanded for such further proceedings, as to other matters, as may be proper according to the foregoing opinion.